UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 09-10208 |
| | : | CHAPTER 7 |
| TERRY BLACKBURN, Debtor | : | |
| | : | |
| TRACY L. BLACKBURN, Plaintiff | : | ADVERSARY NO. 09-1024 |
| | : | DOCUMENT NO. 1 |
| vs. | : | |
| TERRY BLACKBURN, Defendant | : | |

APPEARANCES:

GREG G. DIMEO, ESQ. and BRADLEY G. OLSON, JR., ESQ., ELLWOOD CITY, PA,
    ATTORNEYS FOR TERRY BLACKBURN
RICHARD J. PARKS, ESQ., SHARON, PA, ATTORNEY FOR TRACY L. BLACKBURN

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

September 14, 2009

## OPINION [1,2]

Terry Blackburn ("Debtor") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on February 6, 2009 ("Filing Date").  On March 19, 2009, Tracy L. Blackburn ("Tracy"), Debtor's former spouse, timely filed a Complaint Objecting to Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(5) and (a)(15).  Debtor filed an Answer in opposition to the Complaint and a non-evidentiary hearing was held at which it was clear that the obligation at issue arises from a FINAL ORDER dated December 1, 2008 in a divorce action in the Court of Common Pleas of Mercer County, Pennsylvania (the "State Court") and that the Debtor did not appeal the State Court Order which was a final Order prior to the Filing Date.

---

[1] This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. § 157(b)
[2] By Order dated June 12, 2009 we ruled in favor of Plaintiff.  Debtor's Motion to Reconsider was denied on August 3, 2008.  We now write to clarify the reasoning for our decision.

- 1 -

11 U.S. C. § 523(a)(15) was revised as Part of the Bankruptcy Abuse and Consumer Protection Act of 2005. It provides that an obligation is non-dischargeable if it is:

> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a government unit;

11 U.S.C. § 523(a)(15).

It being clear that the obligation at issue was incurred by the Debtor in connection with a divorce decree, we issued an Order dated June 12, 2009 holding that Debtor's obligations to Tracy are nondischargeable.

Debtor filed a Motion to Reconsider on June 23, 2009. In his Motion to Reconsider, Debtor asserts that this Court has discretion to find the debt dischargeable and sets forth the following reasons for the Court's consideration:

a. The Petitioner is 50 years of age;

b. Since December 2, 2005, the Petitioner has been unable to become gainfully employed due to injuries he sustained at work;

c. Since December 2, 2005, the Petitioner's sole source of income is from Workers' Compensation payments;

d. Based upon the terms of the court-ordered marital settlement, the Petitioner is required to pay to Plaintiff, Tracy Blackburn, $563.00 per month pursuant to the court order, plus other debts owed for settlement of marital property.

e. The Petitioner is unable to comply with the subject court order as it would cause Petitioner a substantial financial hardship;

f. Although Plaintiff, Tracy Blackburn, states that a marital settlement agreement is non-dischargeable, the Petitioner

>asserts that this Honorable Court maintains the discretion to discharge such debt, or a portion thereof.

Counsel fails to recognize that the change in § 523(a)(15) eliminates the discretion of the Court. As succinctly stated in Colliers:

> As originally enacted, section 523(a)(15) provided that debts that are not support obligations but which were incurred in the course of a divorce *or* separation are nondischargeable unless either (1) the debtor lacks the ability to pay the debt or (2) discharging the debt would result in a benefit to the debtor that outweighs the detrimental consequences to the spouse, former spouse or child of the debtor. Also, simultaneously with the enactment of paragraph (15), Congress amended 11 U.S.C. § 523(c)(1) to add debts referred to in paragraph (15) to the list of debts that will be automatically discharged unless a creditor files an adversary proceeding in the bankruptcy court to have the debt declared nondischargeable.
>
> As part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the balancing test governing the dischargeability of debts falling under section 523(a)(15) previously set forth in former subsections (A) and (B) of the provision was deleted. Section 523(a)(15) now provides, unqualifiedly, that a property settlement obligation encompassed by section 523(a)(15) is nondischargeable. Thus, in individual cases under chapters 7 and 11 and in cases under chapter 12, all of which base dischargeability on the subsections of 523(a), the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence in determining the dischargeability of the debt.

4 Collier on Bankruptcy ¶523.21 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. Rev.).

Accordingly, by prior Order, Debtor's obligations to Tracy L. Blackburn as evidenced within the Final Decree issued by the Court of Common Pleas of Mercer County, Pennsylvania, dated December 11, 2008, are nondischargeable in the within bankruptcy case.

                                                                          /s/ Warren W. Bentz
                                                                          Warren W. Bentz
                                                                          United States Bankruptcy Judge